IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORVILLE PHILIP HAXTON, JR.,
        Plaintiff,

vs.                                                    Case No.: 3:13cv485/MCR/EMT

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY BOARD OF
DIRECTORS, et al.,
        Defendants.
_____/

### ORDER, REPORT AND RECOMMENDATION

Plaintiff Orville Philip Haxton, Jr. ("Plaintiff") proceeds pro se in this action and has paid the filing fee in full (*see* doc. 1).  Named as Defendants in the Second Amended Complaint (doc. 6), are twelve members of the State Farm Mutual Automobile Insurance Company ("State Farm") Board of Directors ("Defendants").[1]  Pending are Defendants' motion to dismiss the Second Amended Complaint for lack of personal jurisdiction and failure to state a claim for relief (doc. 10), to which Plaintiff responded (doc. 13); and Plaintiff's motion for leave to file an amended complaint (doc. 17, proposed Third Amended Complaint at doc. 20), to which Defendants responded (doc. 21).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  As discussed below, the court recommends that the Second Amended Complaint be dismissed for the failure to establish subject

---

[1] The named members are Edward B. Rust, Jr., Michael L. Tipsord, Judith A. Muhlberg, Pamela B. Strobel, Gerald M. Czarnecki, Christopher C. DeMuth, Paul T. Stecko, W. Steven Jones, W.H. Knight, Jr., Dan E. Arvizu, John D. Zeglis, and Susan M. Phillips (*see* doc. 6 at 1).

matter jurisdiction, Defendants' motion to dismiss be denied as moot, and Plaintiff's motion for leave to file the Third Amended Complaint be denied.[2]

## Procedural History

Plaintiff initiated this action by filing a complaint titled "Lodial [sic] Multi-Count Civil and Criminal Complaint" on September 6, 2013 (doc. 1).  On September 9, 2013, the court directed the issuance of summonses and instructed Plaintiff to proceed with service of the complaint (doc. 3). Plaintiff filed a First Amended Complaint on September 30, 2013 (doc. 4), and a Second Amended Complaint on October 1, 2013 (doc. 6).  The court ordered issuance of summonses for Defendants newly named in the Second Amended Complaint and again informed Plaintiff of his responsibility to effect service of process (doc. 8).[3]

On November 18, 2013, Defendants filed their motion to dismiss, asserting the failure to state a claim upon which relief can be granted and the court's lack of personal jurisdiction over them (doc. 10).[4]  Plaintiff responded in opposition (doc. 13).  In an order dated April 23, 2014 (doc. 16), the court concluded that the allegations of the Second Amended Complaint were not sufficient to establish subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332 or on a federal question under 28 U.S.C. § 1331.  The court therefore directed Plaintiff to show cause why the action should not be dismissed without prejudice but advised Plaintiff he could file a motion to amend and proposed Third Amended Complaint in an attempt to cure the defects.  Plaintiff filed a

---

[2] Plaintiff has also filed a motion to strike Defendants' response (doc. 22) and a motion to require Defendants to attend a settlement conference (doc. 23, titled "Request for an At Law Pre-Trial Meeting").  As set forth below, the court denies the first motion and recommends denial of the second one.  Plaintiff has also filed a document titled "Judicial Notice: Representation is a Fiction of the Civil Law[.]  Representation is a Fiction of the Civil Law[.]  This is a Court of Record[.]  Fictions are Not Allowed . . . " (doc. 24).  The court takes note of the fact of the filing of this document, but does not take judicial notice of it.  *See* Fed. R. Evid. 201, Judicial Notice of Adjudicative Facts.

[3] Federal Rule of Civil Procedure 15 allows a party to amend its pleadings "once as a matter of course." Fed. R. Civ. P. 15(a)(1).  The party must then obtain either the adverse party's written consent or the court's leave in order to file further amendments.  Fed. R. Civ. P. 15(a)(2).  In this instance, Plaintiff was permitted as a matter of course to file the First Amended Complaint, but he filed the Second Amended Complaint prior to service without seeking the court's explicit authorization.  Nevertheless, such authorization was implicitly given when the court issued its second service order.

[4] The docket reflects no executed returns of service for any of the Defendants.  In their motion, Defendants state they have not been served with process but waive formal service (although not their objection to the court's exercise of personal jurisdiction over them) (doc. 10 at 1).

motion for leave to amend and proposed Third Amended Complaint (doc. 20), to which Defendants responded with a memorandum in opposition (doc. 21).

**Second Amended Complaint**

<u>Plaintiff's Allegations</u>

Plaintiff's Second Amended Complaint is titled "Revised Version of the Lodial [sic] Multi-Count Civil and Criminal Complaint" (doc. 6 at 1) and "Amended Verified Complaint" (*id.* at 2). Although much of the complaint is difficult to follow, it is evident that Plaintiff seeks to challenge the settlement of a motor vehicle accident claim he had against State Farm's insured, Christina Sugars ("Ms. Sugars").  In the "Jurisdictional Allegations" section of the Second Amended Complaint, Plaintiff states that he is a resident of Florida and that the "named Defendants are all residents of other States" (*id.*).  He alleges that jurisdiction lies because the events at issue occurred in Okaloosa County, Florida; that "Defendants' Company is a licensed provider of Insurance Products for sale" in Florida; and that his monetary damages exceed $75,000 (*id.*).

In the "General Factual Allegations" section of the complaint, Plaintiff asserts that Defendants "are collectively responsible for establishing all company policies, procedures, code of conduct for [State Farm's] employees" (doc. 6 at 3); that they "made decisions with malice of forethought [sic] to defraud the general public by creating unilateral contracts in order to preclude possible liability for their individual and collective actions" (*id.*); that their "actions led to a felony criminal act" against Plaintiff (*id.*); and that Defendants' "employees promised payment within 3-days of receipt of the executed contract" but "failed to perform on their promise" (*id.*).  According to Plaintiff, Defendants' "employees called on the 14th day following their phone conversation and gave him instructions to pick up the check," but when he tried to pick up the check he was told that in order for him to receive payment he must sign a "new" contract  and release form (*id.* at 3–4). The "new" contract bore a different date than the "original contract" Plaintiff had signed previously (*id.*).  Plaintiff states he signed the new contract and release "under duress," and he asserts that "the new contract was created to void [sic] the fact that Defendants' employees failed to perform on their original contract" and that such action "constitutes a felony and voids the terms and conditions of the contract and release form completely" (*id.*).  Plaintiff also contends the actions constitute "'MAIL FRAUD' through fraudulent advertising claims" (*id.*) (capitalization in original) and that

Defendants "are engaged in Racketeering and Corruption which is a Class I Felony punishable under the RICO ACT" (*id.* at 5).  Also, according to Plaintiff, Defendants' employees "used unfair advantage in their negotiations for an equitable settlement for injuries sustained by Plaintiff" and "further complicated settlement matters with regard to Plaintiff's personal property that was destroyed the day of the incident" (*id.*).  Defendants' employees' "actions unnecessarily delayed the compensation by the property loss by 8.5 months" (*id.*).  Furthermore, according to Plaintiff, Defendants "employ subcontractor consultants to perform political lobbying to limit their liability for damages through legislative initiatives" and that their "incorporation documents are written using 'verb-adverb' fiction as are all of their release notices and unilateral contracts" (*id.*).  "Defendants act[ ] with malice of fore-thought [sic] on a continuing basis [ ] as a corrupt organization that is above the law" (*id.* at 6).  Moreover, "Defendants act as a part of a large corporate conglomerate commonly known as "THE UNITED STATES OF AMERICA, to deny equitable relief to those people that have been injured by their customers in the name of limiting liability for the sake of profits for themselves" (*id.*) (capitalization in original).  As relief, Plaintiff seeks various orders by the court and monetary damages of $10,000,000 as compensation for pain and suffering, loss of income earnings potential, and future medical costs (*id.* at 7–8).

Discussion

Federal courts are courts of limited jurisdiction and have the duty to inquire into whether they have subject-matter jurisdiction. *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court sua sponte may raise a jurisdiction defect at any time.").   In order to establish a claim in federal court, the plaintiff must demonstrate that complete diversity exists or raise a question of federal law.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332; MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (noting that "[c]omplete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff").  "Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction."  Wyke v. Polk County School Bd., 129 F.3d 560, 566 (11th Cir. 1997).  It is the plaintiff's burden to allege facts that, if true, show that federal subject matter jurisdiction exists.  Travaglio v. American Exp. Co.,

735 F.3d 1266, 1268 (11th Cir. 2013) (citing Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)).  When, "at any time," a court discovers that it lacks subject matter jurisdiction, "the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Dismissal for lack of subject matter jurisdiction is "an involuntary dismissal and, thus, [should be] without prejudice."  Blankenship v. Gulf Power Co., 551 F. App'x 468, 472 n.2 (11th Cir. 2013) (citing Fed. R. Civ. P. 41(b) and Crotwell v. Hockman–Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice)).

Leave to amend pursuant to Rule 15(a) should be freely given when justice so requires,  Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), and courts are obliged to construe a pro se plaintiff's allegations broadly.  *See* Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Notwithstanding the duty to read a pro se party's allegations liberally, courts are not at liberty to rewrite a complaint in order to state a claim for relief.  Trawinski v. United Technologies, 313 F.3d 1295, 1297 (11th Cir. 2002); GJR Inv., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).   The trial court normally has considerable discretion when deciding whether to grant or deny a motion for leave to amend.  Addington v. Farmer's Elevator Mut., Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981); *cf.,* K.A. v. Waters, 448 F. App'x 7, 9 (11th Cir. 2011) (stating that appellate court's review of denial of leave to amend due to futility is *de novo*, not for abuse of discretion).  Where amendment would be futile, the court "may properly deny leave to amend the complaint under Rule 15(a)."  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262–63 (11th Cir. 2004).  "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (quotation marks omitted).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).  A claim is founded on an indisputably meritless legal theory when the plaintiff alleges infringement of a legal interest which obviously does

not exist.  Neitzke, 490 U.S. at 327.

In this case, the court concludes that the jurisdictional allegations in the Second Amended Complaint are insufficient to establish the parties' complete diversity.  Plaintiff's allegations must, but do not, "include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.")).  In this case, rather than alleging that he is a "citizen" of Florida and that Defendants are "citizens" of different states, Plaintiff alleges that he is a "resident" of Florida and that the Defendants are "residents of other States."  See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").[5]  "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."  McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).  And domicile requires both residence in a state and "an intention to remain there indefinitely. . . ."  Id. at 1258 (internal quotation marks omitted).

In seeking dismissal of the Second Amended Complaint, Defendants challenge the court's personal jurisdiction over them, not subject matter jurisdiction, but parties may not waive a defect in subject matter jurisdiction.  See, e.g., Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998) (gathering precedents acknowledging inability of parties to confer subject matter jurisdiction on a federal court and recognizing court's independent obligation to inquire into jurisdiction whenever jurisdictional infirmity may exist).  Although a defect in subject matter jurisdiction cannot be waived, pleading defects regarding citizenship may be cured, including through "admissions and record evidence."  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011).  Here, the court has reviewed the declarations submitted by ten of the twelve individual Defendants in connection with their assertion that personal jurisdiction does not lie (docs. 10-2–10-

---

[5]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) ( en banc ), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

11).  Each Defendant states that he or she is not a resident of Florida, which as noted above, is not the key fact the court must consider in determining diversity.  Other statements common to the declarations, however, suggest that the declarant is not a citizen of Florida (for example, that the declarant does not have a State of Florida driver's license, does not have a State of Florida voter registration card, and does not have any professional or other types of licenses issued by the State of Florida; some of the Defendants also state that they do not have vehicles registered in Florida or own or lease property in Florida).[6]  Even if their statements were sufficient to conclude that none of these declarants were citizens of Florida, two of the Defendants, Gerald M. Czarnecki and Paul T. Stecko, did not submit declarations.  Accordingly, at the very least, as to Defendants Czarnecki and Stecko there is no evidence on which the court might assess their citizenship and, consequently, whether there is complete diversity.  *See* Travaglio, 735 F.3d at 1270 (requiring evidence to cure defect, to assure court that diversity jurisdiction exists; statements by counsel in briefs are not evidence).[7]  For these reasons, the court cannot conclude that complete diversity jurisdiction under § 1332 has been satisfactorily alleged.

Additionally, the court does not conclude that Plaintiff's allegations in the Second Amended Complaint are sufficient to invoke federal question jurisdiction under § 1331, which provides district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a claim "arises under" federal law is determined by the well-pleaded complaint rule.  This rule permits federal question jurisdiction "'only when a federal question is presented on the face of a properly pleaded complaint.'"  Hill v. BellSouth Telecomm., Inc., 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) (citation omitted)).  Even a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction, however, if: (1) "the alleged claim under the Constitution or federal statutes clearly

---

[6] The court observes that the declaration of Susan M. Phillips, doc. 10-11, is deficient, as it lacks the date it was executed as required by 28 U.S.C. § 1746.

[7] Furthermore, as noted, in the Second Amended Complaint Plaintiff has not alleged the state of which he is a citizen, rather than simply a resident.  This defect was cured in the proposed Third Amended Complaint (doc. 20 at 1).

appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "such a claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotation omitted).  A claim is "wholly insubstantial and frivolous" so as to warrant dismissal for lack of subject matter jurisdiction only "if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* (quotation omitted).

The only allegations in the Second Amended Complaint that might even remotely implicate federal question jurisdiction are that Defendants committed "'MAIL FRAUD' through fraudulent advertising claims" and "are engaged in Racketeering and Corruption which is a Class I Felony punishable under the RICO ACT" [presumably, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964] (doc. 6 at 4, 5).  First, although under RICO there is a private civil cause of action which supplements the government's criminal enforcement ability, *see* Goren v. New Vision International, Inc., 156 F.3d 721, 726 (7th Cir. 1998), as a private citizen Plaintiff "has no judicially cognizable interest" in the criminal prosecution of another.  Otero v. United States Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (citation omitted); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution).  As Plaintiff has no legal right to require the criminal prosecution of another person, any such claim is frivolous and therefore provides no basis for federal question jurisdiction.  Second, insofar as Plaintiff might seeks to allege a civil RICO claim, relying on mail fraud as the predicate act, his allegations are insufficient to demonstrate federal question jurisdiction under the well-pleaded complaint rule.  No federal question is presented on the face of the Second Amended Complaint because the allegations lack context and elaboration or any factual support whatsoever connecting them to the challenged settlement Plaintiff reached with State Farm for the motor vehicle accident with Ms. Sugars.  While the court does not believe that any RICO claim is made solely for the purpose of obtaining federal question jurisdiction, it does conclude that such a claim has no plausible foundation and thus is wholly insubstantial and frivolous.  In short, any RICO cause of action is so patently without merit as to

justify dismissal for want of jurisdiction.  Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992).[8]

For the foregoing reasons, the court concludes that the Second Amended Complaint fails to allege a substantial, nonfrivolous federal claim, thus providing no basis for federal question jurisdiction.

In sum, as it indicated in the order to show cause dated April 23, 2014, the court concludes that the Second Amended Complaint presents defective allegations concerning the parties' complete diversity, and it does not state a nonfrivolous federal claim.  Dismissal, without prejudice, is therefore warranted for lack of subject matter jurisdiction unless, through an amended complaint, Plaintiff cures his defective jurisdictional allegations.  *See* Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984) (noting that "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly").

**Proposed Third Amended Complaint**

In his motion to amend the complaint, Plaintiff states that he now sues only two Defendants, Edward B. Rust and Michael L. Tipsord, both of whom are citizens of Illinois; revises his allegations concerning subject matter jurisdiction; and identifies four claims: trespass, bodily injury, due process, and mail fraud (doc. 17 at 1–2).

<u>Plaintiff's Allegations</u>

In the proposed Third Amended Complaint (doc. 20), Plaintiff appears to name three Defendants: State Farm Mutual Automobile Insurance Company, Edward B. Rust, and Michael L. Tipsord.  Plaintiff clarifies that he is a citizen of Florida and that the "Wrongdoers" are citizens of other States (*id.* at 1).  Plaintiff makes factual allegations in his proposed Third Amended Complaint that—although somewhat more elaborate—essentially are similar in substance and nature to those made in the Second Amended Complaint.  More particularly, Plaintiff alleges that Defendants are responsible for establishing company policies; that they use the "Color of Law" to "excuse" their actions, provide immunity from prosecution, and "reduc[e] the amount of pay out on claims"; and that they make decisions "with malice of forethought [sic]" to defraud the general public through

---

[8] There is an important distinction between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted.  *See* Sanders, 138 F.3d at 1351–52.  The former concerns the court's power to hear a plaintiff's claim, while the latter evaluates the merits (or lack thereof) of the claim.  Here, the court does not assess the merits of Plaintiff's RICO claim, to the extent one has been presented, but rather considers the authority to hear the claim in light of what the court views as a lack of any plausible foundation for it.

the use of "unilateral contracts" in order to "charge off the costs of settlements against claimants['] Birth Certificate Bonds thereby incurring no actual loss in reaching a settlement with claimants" (*id.* at 2–3).  Plaintiff also alleges that Defendants' operating policies "encourage actions in negotiating settlements with any claimant that are detrimental to a claimant," and that Defendants' "policies directly motivated the Florida Claims Adjusters that dealt directly with this Claimant by promising to make a payment within three days of receiving the executed unilateral contracts . . . [but] then fail[ing] to perform on their promise to pay . . . [when] they delayed the settlement payment by a total of fourteen days . . . [likely due to] "the internal workings of the company" (*id.*).  Further, according to Plaintiff, when he attempted to pick up his settlement check after the fourteen-day delay, he was told he must first sign a new contract (which bore a new date) and a release form, which amounted to coercion and an attempt to "void" the fact the employees had failed to perform on the original contract (*id.* at 2–3).  Plaintiff contends this conduct was "wrong and violates Due Process . . . which voids the unlawful terms and conditions of the contract and release form completely" (*id.* at 3).  Plaintiff asserts that Defendants' employees "used unfair advantage in their negotiations for an equitable settlement for injuries sustained by Claimant" in the accident with Ms. Sugars and "further complicated settlement matters with regard to Claimant[']s personal property that was destroyed the day of the incident" by "delay[ing] the compensation for his property loss by 8.5 months" (*id.*).

Plaintiff maintains that he suffered severe injuries in the accident with Ms. Sugars and that, as her insurer, "State Farm assume[s] the liability" for her and "is responsible for settling the financial losses of the Claimant" (doc. 20 at 3).  Plaintiff states that to date he has endured numerous surgeries and will require additional surgery, has sustained permanent disability and injury, and has accrued medical expenses of $215,933.71 (*id.* at 3–4).  Primarily in the form of monetary damages of $10,000,000, Plaintiff seeks relief on three claims:  (1) trespass; (2) bodily injury; and (3) due process (*id.* at 4–5).[9]

---

[9]  The fourth claim identified in Plaintiff's motion for leave to amend his complaint is mail fraud, apparently based on Plaintiff's contention that State Farm's "advertised fast, fair claims settlement" is a "lie to deceive the public . . ." (doc. 17 at 2).  On its face this claim lacks any arguable merit, i.e., it is frivolous.  In any event, it was not included in the proposed Third Amended Complaint and therefore the court does not address it further.

Defendants' Response

 In their response Defendants submit that, as to the Defendants named in the proposed Third Amended Complaint, complete diversity exists (*see* doc. 21 at 2–3).[10]  They contend, however, that the proposed Third Amended Complaint fails to state a claim for relief and thus leave to amend should be denied as futile (*see id.* at 11).  They further argue that should the court conclude Plaintiff has stated a claim for which relief can be granted, the action as to Defendants Rust and Tipsord should be dismissed for lack of personal jurisdiction (*see id.* at 11–24).[11]

 Discussion

 Of the three claims presented in the proposed Third Amended Complaint, only the "due process" claim might arguably implicate the court's federal question jurisdiction.  Plaintiff appears to base his "due process" claim on Defendants' alleged "delaying; stalling; denying; alleging; attacking; abusing; behaving in a sociopathic manner to subvert action on this case whereby a reasonable settlement could be reached through negotiation outside of this Court . . ." (doc. 20 at 4–5).  Plaintiff further submits that Defendants have no concern for his "inalienable rights to the pursuit of happiness," which is "Sociopathic behavior," and that "Sociopaths are incapable of experiencing Empathy or Compassion" (*id.* at 4).  Plaintiff's "due process" claim relying on Defendants' alleged "sociopathic" conduct which has impaired Plaintiff's "inalienable rights to the pursuit of happiness" has no plausible legal foundation.  Blue Cross & Blue Shield of Ala., 138 F.3d

---

 [10]  The court, at Defendants' request, takes judicial notice that Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation that is domiciled in Bloomington, Illinois, where it maintains its principle place of business (doc. 21 at 2–3 n.1, citing doc. 10-1).  *See* Fed. R. Evid. 201(b); Garfield v. NDC Health Corp., 466 F.3d 1255, 1260 n.2 (11th Cir. 2006) (indicating that district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records); 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of both its state of incorporation and the state of its principal place of business).

 [11]  In his motion to strike Defendants' response (doc. 22), Plaintiff suggests that Defendants' response (doc. 21) was not filed by the court's deadline of May 27, 2014.  Plaintiff is incorrect; the response was timely filed (*see* doc. 21, docketed May 27, 2014).  Plaintiff makes other assertions, specifically, that Defendants have shown nothing "other than a complete disregard for the damages caused" by Ms. Sugars for which they have "assume[d] full liability" (doc. 22 at 1) and that their "reliance on the arbitrary limits of liability based on legislated 'color of law' Florida statutes denied the Claimant a fair and equitable monetary settlement that allows the Claimant to obtain a full and just remedy for the actual bodily damages sustained" (*id.*).  These assertions amount to an attempt to reply to Defendants' response.  Leave of court is required to file a reply, *see* N.D. Fla. Loc. R. 7.1(C)(2), which Plaintiff has not requested or shown good cause for and the court does not grant.

at 1352.  As Plaintiff's "due process" claim is "wholly insubstantial and frivolous," it provides no basis for federal question jurisdiction.

As noted, Defendants submit that diversity jurisdiction exists over Plaintiff's claims (*see* doc. 21 at 2–3).  They acknowledge that they are not citizens of Florida, and they note Plaintiff's allegations of monetary damages exceeding $75,000, and his demand for $10,000,000 in relief.  The court agrees that Plaintiff's allegations in the proposed Third Amended Complaint concerning the citizenship of each party are sufficient show that "no plaintiff is a citizen of the same state as any defendant."  Morrison, 228 F.3d at 1261.  The court questions, however, whether the allegations concerning the jurisdictional amount are sufficient.  Simply because Plaintiff alleges an amount in controversy in excess of $75,000—here, in fact, the amount alleged is $10,000,000, including claimed accrued medical costs of $215,933.71—does not establish the actual amount in controversy, however.  "[I]f from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount [that is, an amount required to maintain a diversity suit] claimed . . . the suit will be dismissed."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938);  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805 (11th Cir. 2003) ("Generally, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") (citation and internal marks omitted).

As just discussed, in this court's view Plaintiff's due process claim is frivolous.  Thus, it is a legal certainty that Plaintiff is entitled to recover nothing on this claim.  The court reaches the same conclusion with respect to Plaintiff's claims of "trespass" and "bodily injury."  The claim of "trespass" is based on the theory that Defendants have impaired Plaintiff's "ability to live his life in financial abundance" (doc. 20 at 4).  Plaintiff has alleged the infringement of a legal interest which does not exist.  *See* Neitzke, 490 U.S. at 327.  Thus the claim is frivolous, and Plaintiff cannot recover under it.  Plaintiff's claim of "bodily injury" is based on his theory that Defendants' "actions [are] leading to my untimely death [ ]" (*id.*).  While Plaintiff may be able to allege a legal interest in his health and well-being, his allegations that the named Defendants are or will be responsible for his anticipated premature demise are unfounded by the facts asserted, speculative, and conclusory.  *See* Denton, 504 U.S. at 31.  This claim too, as pleaded, is frivolous and will permit no recovery.  Because from the face of the proposed Third Amended Complaint it is clear to this court that

Plaintiff's claims for trespass, bodily injury, and due process will not allow him to recover an excess of $75,000, exclusive of costs and fees, the court must conclude that the amount in controversy has not been satisfied.  Diversity jurisdiction therefore cannot lie.

Absent establishing that diversity jurisdiction or federal question jurisdiction exists, Plaintiff has not alleged the existence of subject matter jurisdiction.  The proposed Third Amended Complaint therefore remains subject to dismissal.  Accordingly, leave to amend by filing this Complaint should be denied due to the futility of amendment.

Even if Plaintiff's allegations concerning the amount in controversy were sufficient to support diversity jurisdiction, and the claims were not deemed to be frivolous, the proposed Third Amended Complaint would still be subject to dismissal because it fails to state any claims upon which relief can be granted.[12]  While the pro se Plaintiff's failure to identify the specific elements of his claims may be overlooked, his failure to provide any factual content whatsoever that supports the claims cannot be.

As to Count I, the claim for trespass, under Florida law, "[t]respass to real property is an injury to or use of the land of another by one having no right or authority."  Glen v. Club Meiterranee, S.A., 450 F.3d 1251, 1254 (11th Cir. 2006) (citation and additional quotation marks omitted).  With respect to personal property, in Florida trespass to personal property "is the intentional use of, or interference with, a chattel which is in the possession of another, without justification."  Bloom v. Alvereze, 498 F. App'x 867 (11th Cir. 2012) (citation and additional quotation marks omitted).  Moreover, the tort of assault and battery in Florida "is in actuality the modern equivalent of the common law action of trespass to the person."  Kaczer v. Marrero, 324 So.

---

[12] Dismissals for failure to state a claim are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

2d 717, 719 (Fla. 3d DCA 1976).  In this case, Plaintiff  has not alleged facts sufficient to state a plausible claim to relief; nothing he alleges even remotely supports a claim of trespass to real property, to personal property, or to the person under Florida law.  Accordingly, Count 1 fails to state a claim upon which relief can be granted.

Count 2 is Plaintiff's claim for bodily injury.  Plaintiff phrases Count 2 simply in terms of rhetorical questions:  "What else does Claimant have to state before the Wrongdoers will come to the realization that their actions are leading to my untimely death?  Will my heirs have to file criminal charges of wrongful death to get their attention?" (doc. 20 at 4).  The complaint contains no factual allegations that the named Defendants have caused Plaintiff bodily harm, and it implicates no elements of any discernible claim.  It does not state a claim to relief that is plausible on its face.  Thus Count 2 also fails.

As to Count 3, the due process claim, "[t]he fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law." Buxton v. Plant City, 871 F.2d 1037, 1041 (11th Cir. 1989).  As the Fifth Amendment applies only to the actions of the federal government and federal actors, *see* Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997) (Tjoflat, J., dissenting from the denial of rehearing en banc), and Plaintiff has not alleged and cannot allege that any named Defendant is a federal actor, Plaintiff has failed to state a claim for relief.  To the extent Plaintiff seeks to assert a due process claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, the claim likewise fails.  To establish such a claim the plaintiff must show that he "was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa–Locka, 261 F.3d 1295, 1303 (11th Cir. 2001); *see also* Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 856 (11th Cir. 2010) (Fourteenth Amendment applies only to states and state actors).  Plaintiff has not, however, alleged that any Defendant is a state actor nor can he.  For these reasons alone, Plaintiff has failed to state a viable due process claim under either the Fifth or Fourteenth Amendments.

To the extent Plaintiff's allegations in the proposed Third Amended Complaint should be read as attempting to assert a third-party bad faith or unfair settlement practices claim against State Farm, the court concludes that Plaintiff's allegations fail to state a claim for relief.  Under Florida

law, a bad faith action against an insurer is based on statutory and common law.  *See* Fla. Stat. § 624.155(1)(b) (recognizing bad faith actions against an insurer arising out of the handling of claims); Boston Old Colony Ins. Co. v. Gutierrez, 386 So. 2d 783 (Fla. 1980).  In order to state a common law bad faith claim, the claimant—who may either be the insured or a third party—generally is required to plead the existence of an excess judgment—i.e., a judgment rendered in excess of the policy limits.  Perera v. U.S. Fidelity & Guar. Co., 35 So. 3d 893, 899 (Fla. 2010) (stating that in Florida a cause of action for bad faith may be brought "when an insurer has breached its duty of good faith and that breach results in an excess judgment being entered against its insured.").[13]  *See also* Wald v. State Farm Mut. Auto. Ins. Co., ___ F. App'x ____, 2014 WL 2057676 (11th Cir. May 20, 2014) (citing Perera and stating that under Florida law, "a third party bad faith claim is derivative of the insured's claim, and an insured suffers no injury supporting his or another's bad faith claim when he is not exposed to liability beyond his policy limits.").  Under Fla. Stat. § 624.155, any person may bring a civil action against an insurer when such person is damaged by the insurer's violation of § 626.9541(1)(I), which prohibits unfair claim settlement practices.  Section 624.155 contains a mandatory pre-suit notice requirement.  "As a condition precedent to bringing an action under [§ 624.155], the [Department of Financial Services] and the authorized insurer must have been given 60 days' written notice of the violation." § 624.155(3)(a), Fla. Stat.  This statutory pre-suit notice must be provided "on a form provided by the [Department of Financial Services] and shall state with specificity" certain information about the alleged unlawful conduct. § 624.155(3)(b), Fla. Stat.

In this case, as Plaintiff has not alleged that a judgment in excess of Ms. Sugars' policy limits has been rendered, he has not adequately pled a common law bad faith claim against State Farm. *See* Perera, 35 So. 3d at 899.  Furthermore, Plaintiff does not allege that, using the required form, he provided sixty days' written notice to State Farm of any bad faith or unfair claims settlement

---

[13]  The court in Perera, without limiting the types of bad faith claims that could be brought to those mentioned in the decision, discussed three circumstances under Florida law in which an excess judgment was not a prerequisite to a bad faith action.  These circumstances include "Cunningham agreements," in which an insurer and a third-party claimant stipulate that bad faith issues will be resolved first, and if no bad faith is found, the parties will settle within the policy limits; certain settlement agreements directly between the insured and the third party; and instances in which an excess carrier is involved and equitable subrogation issues are implicated.  Perera, 35 So. 3d at 898 n.7, 899–901. None of the noted exceptions are applicable to Plaintiff's allegations in this case.

practices, as required by § 624.155(3)(a)(b).  He thus has failed to state a claim to relief pursuant to § 624.155 that is plausible on its face.  *See* <u>Bollinger v. State Farm Mut. Auto. Ins. Co.</u>, 538 F. App'x 857, 866 (11th Cir. 2013) (finding no error in dismissing complaint for failure to state a claim where plaintiff failed to comply with statutory pre-suit notice requirement of § 624.155).  As presented, therefore, Plaintiff has failed to state a claim against State Farm based either on statutory or common law for bad faith or unfair claims settlement practices.

To summarize, even assuming that diversity jurisdiction had been adequately invoked and the claims were not frivolous, the court concludes that the proposed Third Amended Complaint would still be subject to dismissal because it fails to state a claim upon which relief can be granted. Thus Plaintiff's motion for leave to amend should be denied on the ground that amendment through the filing of the Third Amended Complaint would be futile.

**Conclusion**

As discussed above, this court denies Plaintiff's motion to strike Defendants' response as meritless and an unauthorized attempt to file a reply (doc. 22).  Additionally, the court recommends that the Second Amended Complaint (doc. 6) be dismissed, without prejudice, for lack of subject matter jurisdiction; that Plaintiff's motion for leave to file a Third Amended Complaint (doc. 17) be denied, as futile; and that Plaintiff's "Request for an At Law Pre-Trial Meeting," or settlement conference (doc. 23), be denied as moot.  Defendants' motion to dismiss the Second Amended Complaint for lack of personal jurisdiction and failure to state a claim for relief (doc. 10) should also be denied as moot.

Accordingly, it is **ORDERED**:

Plaintiff's motion to strike Defendants' response (doc. 22) is **DENIED**.

And it is respectfully **RECOMMENDED** that:

1.      Plaintiff's Second Amended Complaint (doc. 6) be **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.  Defendants' motion to dismiss the Second Amended Complaint for lack of personal jurisdiction and failure to state a claim for relief (doc. 10) be **DENIED**, as moot.

2.      Plaintiff's motion for leave to file a Third Amended Complaint (doc. 17) be **DENIED**.

Case No.: 3:13cv485/MCR/EMT

3.      Plaintiff's "Request for an At Law Pre-Trial Meeting" (doc. 23) be **DENIED**.

4.      The clerk be directed to **CLOSE** this case.

At Pensacola, Florida, this 17<u>th</u> day of June 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

      **Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**